UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDCHASE CODY,

    Petitioner,

v.                                       CASE NO. 8:16-cv-1790-T-27CPT
                                         CRIM. CASE NO. 8:10-cr-35-T-27TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), Memorandum in Support (cv Dkt. 9), the Joint Stipulation Regarding § 2255 Motion (cv Dkt. 6), the United States' Response (cv Dkt. 10), Petitioner's Reply (cv Dkt. 11), and the United States' Surreply (cv Dkt. 14).[1]

## PROCEDURAL BACKGROUND

Petitioner was convicted and sentenced to concurrent 294 month terms for distribution of cocaine (Counts One and Two), felon in possession of a firearm (Count Three) and possession with intent to distribute cocaine base, cocaine and marijuana (Count Four). (cr Dkts. 80, 105, 118). He was sentenced as an armed career criminal under 18 U.S.C. § 851, based on his prior Florida convictions for selling cocaine, shooting at a building, and throwing a missile into an occupied motor vehicle. His convictions and sentence were affirmed (cr Dkt. 124); *United States v. Cody*, 460 F. App'x 825 (11th Cir. 2012).

---

[1] The Eleventh Circuit Court of Appeals granted Petitioner leave to file a second or successive motion under 28 U.S.C. § 2255 (cr Dkt. 144).

## DISCUSSION

In his motion, Petitioner contends that he was sentenced as an armed career criminal in violation of the Constitution and laws of the United States, citing *Johnson v. United States*, 135 S.Ct. 2251 (2015). More specifically, he argues that the Armed Career Criminal Act's residual clause has been declared unconstitutionally vague, and that the career offender enhancement in USSG § 4B1.2's residual clause is unconstitutionally vague as well. He contends that he no longer has two armed career offender qualifying offenses because his prior state conviction under Fla. Stat. Section 893.13 (sale of cocaine), one of three prior convictions that supported his armed career criminal sentence enhancement, is not a "serious drug offense" as defined in 18 U.S.C. § 924(e).

The parties agree that Petitioner no longer qualifies for enhancement under the ACCA, because his prior convictions for (1) throwing a missile into an occupied motor vehicle and (2) shooting at a building no longer qualify as ACCA predicate offenses (Dkt. 6). Petitioner contends that he should be resentenced on all four counts under the "sentencing package doctrine." The United States opposes this, urging that his sentence on Count Three should be corrected, but his sentences on Counts One, Two and Four be left undisturbed. Petitioner's contention is not persuasive.

### I. Applicability of *Johnson*

Petitioner's contention that *Johnson* invalidated his guidelines sentence is foreclosed by settled precedent. In *Johnson*, the Supreme Court held the residual clause of the ACCA, which is identical to the residual clause in § 4B1.2(a)(2), unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Eleventh Circuit has held that the vagueness principle did not apply to the advisory Sentencing Guidelines, and therefore *Johnson* did not render the residual clause of § 4B1.2(a)(2) void. *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015). And in *Beckles v. United*

*States*, 137 S.Ct. 886, 892 (2017), the Supreme Court affirmed Eleventh Circuit precedent, holding that "[u]nlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."

Accordingly, Petitioner's contention that the career offender enhancement in USSG § 4B1.2's residual clause is unconstitutionally vague is foreclosed by binding precedent. *See Beckles*, 137 S.Ct. at 892. Accordingly, Petitioner's sentencing guidelines range is unaffected by *Johnson*. The only remaining issue is whether the "sentencing package doctrine" should apply.

## II. Applicability of the Sentence Package Doctrine

The "sentencing package doctrine" recognizes that "a criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper v. United States*, 131 S.Ct. 1229, 1251 (2011) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996)). Cases in which the sentencing package doctrine are applied typically involve multi-count indictments where a defendant successfully challenges some but not all of the counts of conviction. *See Greenlaw v. United States*, 554 U.S. 237, 253-54 (2008). And where the sentence on one count of a multi-count indictment is vacated, Circuit precedent holds that "vacating the sentence for one count *disrupts* the sentencing package and requires resentencing for all counts of conviction." *United States v. Klopf*, 423 F.3d 1228, 1245-46 (11th Cir. 2005) (emphasis added).

Here, the *Johnson* remedy is not to vacate the sentence on Count Three, but rather to correct it. Petitioner's armed career criminal designation was "a sentence enhancement," not a separate

3

offense. *United States v. Ruo*, 943 F.2d 1274, 1275 (11th Cir. 1991). It follows that removal of his armed career criminal designation does not undermine the validity of his § 922(g) conviction in Count Three. And correction of the sentence on Count Three does not *disrupt* his overall sentencing. His "total offense characteristics" remain unchanged. *United States v. Young*, 953 F.2d 1288, 1290 (11th Cir. 1992). Further, his armed career criminal designation did not drive his sentencing guidelines range. His Offense Level 34 resulted from his career offender status and because he possessed the firearm and ammunition in connection with a controlled substance offense (PSR ¶ 38). With a Criminal History category VI, his guidelines range was 262-327 months. (PSR ¶ 135).[2] As noted, he received concurrent sentences of 294 months on Counts One, Two and Four.

### III. Petitioner is Entitled to a Corrected Sentence Not a Resentencing Hearing

Although Petitioner is no longer an armed career criminal under the ACCA, a new sentencing hearing is not required. The *Johnson* error in Count Three does not impact his sentences on Counts One, Two and Four, because the counts of conviction are not interrelated. More specifically, as the United States correctly argues:

---

[2] The United States correctly explains:

> Neither his section 841 convictions nor his career-offender status are interdependent with his now-defunct section 924(e) enhancement. That his section 922(g) conviction and section 841 convictions were grouped together for the purposes of determining his base-offense level ultimately made no difference in calculating his guideline range. Grouping does not equate to interdependence.

. . .

> Even after his section 924(e) enhancement is removed, his guideline range is still supported by his career-offender offense level. And the guideline range for his section 841 counts of 262–327 months fits well within the 30-year statutory maximum penalty for those counts (as enhanced by section 851). Despite the new maximum penalty of 120 months for his section 922(g) count, his section 841 counts can still carry the same guideline range as well as the balance of his total punishment.

(cv Dkt. 10 at pp. 5-7).

[R]egardless of how [Petitioner's] counts of conviction were grouped together, his armed-career-criminal status did not control his guideline-range calculation. His career offender designation adequately supported a total-enhanced-offense level of 34. PSR ¶¶ 37-38. His armed-career-criminal designation was thus not a necessary component of his sentencing plan. (Dkt 14 at p. 3).

Since Petitioner's armed career criminal designation had no impact on the sentences imposed on Counts One, Two and Four, the sentencing package doctrine does not apply and therefore he is not entitled to a resentencing hearing. The appropriate relief is to correct his sentence on Count Three, leaving his concurrent sentences on Counts One, Two and Four undisturbed.[3]

*United States v. Brown*, 879 F.3d 1231, 1234 (11th Cir. 2018), provides guidance. In *Brown*, the Eleventh Circuit reviewed the district court's decision to correct an ACCA-mandatory minimum-sentence under *Johnson*, rather than conduct a full "resentencing." *Id.* at 1233. The court concluded that the district court abused its discretion in correcting the sentence without the defendant present, and found that a resentencing should have been conducted. *Id.* at 1241. In reaching this holding, the court provided a test to be followed in deciding whether to conduct a resentencing, rather than to correct an erroneous sentence. *Id.* at 1239:

> [T]wo inquiries emerge to guide our consideration of whether a defendant is entitled to a resentencing hearing when a change to his sentence is required as a result of his § 2255 motion. First, did the errors requiring the grant of habeas relief undermine the sentence as a whole? Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing? When these factors are present, a District Court's sentence modification qualifies as a critical stage in the proceedings, requiring a hearing with the defendant present.

*Id.* at 1239–40 (11th Cir. 2018) (citations omitted).

---

[3] This result is consistent with the "concurrent sentence doctrine," which provides that the existence of one valid conviction obviates the review of other convictions for which concurrent sentences were imposed, provided there are no additional adverse consequences deriving from the sentence reviewed. *United States v. Hudacek*, 24 F.3d 143, 145 n.1 (11th Cir. 1994); *United States v. Caldwell*, 776 F.2d 989, 1006, n.21 (11th Cir. 1985).

Applying this guide, Petitioner's convictions are distinguishable from those in *Brown*.[4] Unlike *Brown*, habeas relief does not impact or "undermine" his sentences on Counts One, Two and Four. *See id.*; Sections II and III, *supra*. And because under *Johnson*, Petitioner's sentence on Count 3 is now subject to a maximum of 120 months imprisonment, with a three-year term of supervised release, 18 U.S.C. § 924(a)(2), there is no reason to modify Petitioner's sentence based on questions not considered at his original sentencing. *See Brown*, 879 F.3d at 1239-40.[5]

Accordingly, it is **ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1) is **GRANTED** *in part*.

2. Petitioner's sentence on Count 3 is **CORRECTED** to 120 months imprisonment, concurrent with Counts One, Two, and Four, followed by a three year term of supervised release, concurrent with the terms of supervised release imposed on Counts One, Two, and Four.

3. In all other respects, the judgement and sentence of April 27, 2011 remain the same.

### Certificate of Appealability ("COA")

Petitioner is not entitled to a COA. To obtain a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

---

[4] The defendant in *Brown* only had one conviction. 879 F.3d at 1240. The sentence imposed on that conviction was found to be in error, as it was set by the mandatory minimum under the ACCA, 18 U.S.C. § 924(e)(1). *Id.* The Eleventh Circuit found that the defendant's "entire sentence was necessarily undermined" and that "the only statutory basis for Mr. Brown's sentence was invalidated . . .." *Id.* Here, unlike the defendant in *Brown*, Petitioner has four convictions.

[5] After *Brown*, the Eleventh Circuit has affirmed, in unpublished decisions, district court decisions that correct sentences without a resentencing. In *United States v. Cowart*, 745 F. App'x 841 (11th Cir. 2018), the district court's decision to correct, rather than resentence, was affirmed. The test in *Brown* was applied and the court found that the district court did not abuse its discretion in correcting the defendant's 922(g) sentence and imposed a statutory maximum penalty of 120 months. And in *United States v. Hernandez*, 735 F. App'x 998 (11th Cir. 2018), the panel affirmed the district court's choice of remedy, "a limited correction to the sentence for the 922(g)(1) offense without a hearing," finding that it was reasonable under the circumstances because neither of the two factors identified in *Brown* was present.

*Tennard v. Drake*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make this showing because reasonable jurists would not debate whether he is entitled to a new sentencing hearing, since his counts of conviction are not interrelated and the *Johnson* error on Count Three did not impact his concurrent sentences on Counts One, Two, and Four. Accordingly, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on May 1st, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, Counsel of Record